UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN MORETTO,

        Plaintiff,

v.                                     Case No. 3:25-cv-1545-MMH-SJH

A.P.R.N. HUEY, et al.,

        Defendants.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Stephen Moretto, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint, Doc. 1).[1] In the Complaint, Plaintiff asserts claims of deliberate indifference to his health and safety against Centurion Health Services, Inc., Dr. Greenberg, Dr. Pigman, A.P.R.N. Morale-Brunely, A.P.R.N. Huey, and Secretary Ricky Dixon. See id.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

_____

[1] Plaintiff moves to proceed as a pauper. See Doc. 2.

> of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of other actions previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Moretto v. Solorzano, No. 2:23-cv-755-JES-NPM, Doc. 49 (M.D. Fla. Sept. 23, 2024) (failure to state a claim); (2) Moretto v. Wilson, No. 2:23-cv-880-JES-KCD, Doc. 24 (M.D. Fla. June 27, 2024) (failure to comply with a court order[2]);

---

[2] The Eleventh Circuit has characterized failure to comply with a court order as "abuse of the judicial process." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993). A dismissal for abuse of the judicial process "may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious." Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008)* (finding that "[a] dismissal for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g)"). This is so because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). In light of Allen and Rivera, "dismissals under Fed. R. Civ. P. 41(b) for failure to prosecute or failure to comply with court orders are strikes under section 1915(g)." Connell v. Perez, No. 22-21219-CIV-MARTINEZ, 2022 WL 2165336, *1 (S.D. Fla. May 20, 2022).

> *The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them

2

and (3) <u>Moretto v. Securus Techs.</u>, No. 2:23-cv-881-SPC-NPM, Doc. 8 (M.D. Fla. Dec. 7, 2023) (failure to state a claim).[3] Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405.00 filing fee.

---

persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). In addition, although decisions of other district courts are not binding, they too may be cited as persuasive authority. <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[3] Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). <u>See</u> <u>Moretto v. Centurion</u>, No. 2:25-cv-675-SPC-KCD, Doc. 5 (M.D. Fla. Aug. 6, 2025).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2026.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11
c:
Stephen Moretto, #719553

4